UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| MACIE YOUMANS,          ) | |
| ) | |
| ) | |
| Movant,          ) | |
| ) | |
| v.          ) | CV419-278 |
| ) | CR418-032 |
| UNITED STATES OF          ) | |
| AMERICA,          ) | |
| ) | |
| Respondent.          ) | |

## ORDER AND REPORT AND RECOMMENDATION

Macie Youmans moves under 28 U.S.C. § 2255 to vacate, set aside, or correct his federal sentence. CR418-032, doc. 54.[1] Youmans pleaded guilty to a single count of possession of a firearm by a prohibited person, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Doc. 52 at 1 (Judgment). He was sentenced to 120 months of imprisonment. *Id.* at 2. He did not appeal his sentence. Preliminary review, pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings, shows that his motion should be **DENIED**. Doc. 54.

---

[1] The Court is citing to the criminal docket in CR418-032 unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

As a preliminary matter, Youmans also requests that counsel be appointed. *See* doc. 55. Youmans, however, is not entitled to appointed counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (there is no constitutional right to counsel when collaterally attacking a conviction or sentence); *Barbour v. Haley*, 471 F.3d 1222, 1227–32 (11th Cir. 2006) (even defendants sentenced to death do not enjoy a constitutional right to post-conviction counsel); Fed. R. Crim. P. 44(a) (right to counsel applies at all stages of the criminal proceedings, through appeal); 18 U.S.C. § 3006A(c) (same); Rules 6 & 8, Rules Governing § 2255 Proceedings (no rule-based right unless movant can show that the appointment is necessary for effective discovery or that a hearing is required); *but see* 18 U.S.C. § 3006A(a)(2) (permitting appointment where the "interests of justice . . . require" it). Youmans' motion makes clear that he is able to articulate his claims and marshal factual and legal support for them. Youmans' request for appointed counsel, therefore, is **DENIED**. Doc. 55.

Youmans' motion identifies two grounds for relief. *See* doc. 54 at 4–5. He contends, first, that his rights under the Constitution's Fourth and

Sixth Amendments[2] were violated because he was intoxicated when he agreed to speak to police. *See id.* at 4. His second ground for relief is that his conviction is invalid because the Court lacked jurisdiction. *Id.* at 5. More specifically, he contends "that his indictment was invalid," citing the United States Supreme Court's opinion in *Rehaif v. United States*, ___ U.S. ___, 139 S. Ct. 2191 (2019). *Id.* at 5–6. For the reasons explained below, neither ground survives preliminary review.

    A prisoner seeking collateral relief "must clear a significantly higher hurdle than would exist on direct appeal." *United States v. Frady*, 456 U.S. 152, 166 (1982). Generally, where a movant seeks collateral relief based on trial errors to which no contemporaneous objection was made, *id.* at 167–68, or direct appeal pursued, "it will be procedurally barred in a § 2255 challenge." *United States v. Montano*, 398 F.3d 1276, 1279–80 (11th Cir. 2005) (citing *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994)). "A ground of error is usually 'available' on direct appeal when its merits can be reviewed without further factual development." *Mills*, 36 F.3d at 1055. In other words, a movant may not use his collateral attack

---

[2] It seems more likely that movant's claim implicates the Fifth Amendment's guarantee of due process than either the Fourth or Sixth Amendments' protections. *See, e.g., Miranda v. Arizona*, 384 U.S. 436, 467 (1966).

as a "surrogate for a direct appeal." *Lynn v. United States*, 365 F.3d 1225, 1232. (11th Cir. 2004) (cite omitted). A procedural default may be overcome if the movant can show "cause excusing his failure to raise the issue previously and prejudice from the alleged error." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (citations omitted). Ineffective assistance of counsel (IAC) "may satisfy the cause exception to the procedural bar," though such a claim "must have merit" to qualify. *Id.* at 1344 (citations omitted).

Youmans readily admits that his first claim was *not* raised on appeal. Doc. 54 at 4. He does, however, make a passing attempt at explaining his failure to raise the issue. He says, "[u]pon counsel's request to petitioner, counsel told petitioner that he had no rights to appeal or send anything to the courts." *Id.* at 5. Although that allegation is terse, the Court infers that any statement counsel made related to the appeal waiver in Youmans' plea agreement. *See* doc. 45 at 8. That waiver states:

> Defendant entirely waives his right to a direct appeal of his conviction and sentence on any ground (including any argument that the statute to which defendant is pleading guilty is unconstitutional or that the admitted conduct does not fall within the scope of the statute). The only exceptions are that the Defendant may file a direct appeal of his sentence if (1) the court enters a sentence above the statutory maximum, (2) the court enters a sentence above the advisory Sentencing Guidelines range

> found to apply by the court at sentencing; or (3) the Government appeals the sentence. Absent those exceptions, Defendant explicitly and irrevocably instructs his attorney not to file an appeal.

*Id.* Youmans further waived his right to collaterally attack his conviction on any ground other than the ineffective assistance of counsel. *Id.* His initials appear in the lower left-hand corner of that page. *Id.* Youmans and his counsel also signed the agreement indicating that they agreed Youmans understood its provisions. *See id.* at 12. Counsel's interpretation of the effect of that waiver does not constitute constitutionally ineffective assistance.

"To prevail on a claim of ineffective assistance of counsel, a prisoner must prove that his counsel rendered deficient performance and that he was prejudiced by the deficient performance." *Castillo v. United States*, 816 F.3d 1300, 1303 (11th Cir. 2016) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. "For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence." *Putman v. Head*, 268 F.3d 1223, 1243 (11th

Cir. 2001). As this court has put it bluntly, "[a] typical IAC claim succeeds only where counsel has, metaphorically speaking, shot at the side of a barn yet missed." *See Lovett v. United States*, 2018 WL 4494201, at *4 n. 3 (S.D. Ga. Apr. 23, 2018) (citing *Sullivan v. Sec'y, Fla. Dept. of Corr.*, 837 F.3d 1195, 1205–06 (11th Cir. 2016). As to the prejudice prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694; *Matire v. Wainwright*, 811 F.2d 1430, 1434 (11th Cir. 1987) (same); *see also Butcher v. United States*, 368 F.3d 1290, 1293 (11th Cir. 2004) ("[A]ttorney errors come in an infinite variety and are as likely to be utterly harmless in a particular case as they are to be prejudicial. That the errors had some *conceivable* effect on the outcome of the proceeding is insufficient to show prejudice."). Youmans' has not sufficiently alleged IAC to excuse his procedural default of Ground One.

Even supposing that Youmans had adequately pleaded his counsel's ineffectiveness, his guilty plea vitiates any such claim. "A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction . . . ." *Wilson v. United States*, 962 F.2d

996, 997 (11th Cir. 1992). The voluntariness of any statements he made to law enforcement after his arrest are not jurisdictional. *See, e.g., Mikell v. United States*, 2011 WL 830095, at * 3 (S.D. Ga. Jan. 26, 2011) (citing *Franklin v. United States* 589 F.2d 192, 194-95 (5th Cir. 1979) (claims regarding, *inter alia*, Miranda warnings were waived by a guilty plea "and thus do not require . . . consideration."). His plea—which he does not allege was not knowingly and voluntarily entered—waived any defect arising from those statements. That waiver, therefore, stands as an independently sufficient ground to dismiss Ground One.

Youmans second ground for relief asserts that the trial court lacked jurisdiction to consider his case as the "indictment was invalid." Doc. 54 at 5–6. In support of this argument, he generally cites to *Rehaif v. United States*, which held that in a felon-in-possession prosecution under 18 U.S.C. §§ 922(g) and 924(a)(2), the Government must establish that defendant knew that he possessed a firearm and knew that he was a member of a prohibited class. *Rehaif*, 139 S. Ct. at 2200. Though not clearly articulated, the Court infers that Youmans believes that the failure to include the *mens rea* element in the charging instrument somehow deprived the Court of subject matter jurisdiction to consider his criminal

case. This understanding is incorrect, as indictment defects do not implicate the Court's jurisdiction. *United States v. Moore*, 954 F.3d 1322, 1336 (11th Cir. 2020) (finding that challenges under *Rehaif* are not jurisdictional because "the omission of an element in an indictment does not deprive the district court of subject matter jurisdiction."); *see also United States v. Cotton*, 535 U.S. 625, 631 (2002) (defects in an indictment do not deprive the Court of its authority to consider a case).

Furthermore, Youmans' *Rehaif* claim is procedurally defaulted as it was not raised on direct appeal. As noted previously, his failure to raise his claims on direct appeal or through an objection prior to his conviction and sentencing would generally bar collateral attack. *Montano*, 398 F.3d at 1279–80 (citing *Mills*, 36 F.3d at 1055). Such a procedural default may be excused, however, if the movant can show (1) "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error," or (2) that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (internal quotations and citations omitted). Since Youmans has not alleged his innocence, the Court will focus only on the first exception.

Youmans offers that *Rehaif*, having been decided subsequent to his conviction and having recognized a "new right," prevented him from asserting his claims on direct appeal. Doc. 54 at 6. The belief that an argument would not be accepted by the Court is not a sufficient justification to excuse his default. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("futility cannot constitute cause if it means simply that a claim was 'unacceptable to that particular court at that particular time.'") (quoting *Engle v. Isaac*, 456 U.S. 107, 130 (1982))). Contrary to Youmans' characterization, *Rehaif* did not recognize a new constitutional right, but, rather, clarified the existing statutory requirements under 18 U.S.C. §§ 922(g) and 924(a)(2). *In re Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019). Like Rehaif, Youmans possessed the necessary resources to challenge what he now perceives to be an unlawful practice. *See United States v. Bane*, 948 F.3d 1290, 1297 (11th Cir. 2020) (finding that the novelty of an argument may only excuse procedural default where the legal basis was not available). He has pointed to no obstacle that might have prevented his ability to pursue his claim, even if he at the time believed that it would likely be unsuccessful. As he has not provided an adequate excuse for his

failure to raise his claim on direct appeal, his current claim is procedurally defaulted.

Alternatively, as any alleged defects in the indictment were non-jurisdictional, they were waived by the entry of plaintiff's guilty plea. *United States v. Ward*, 796 F. App'x. 591, 599 (11th Cir. 2019); *see also United States v. Brown*, 752 F.3d 1344, 1354 (11th Cir. 2014) (holding failure to include *mens rea* element in indictment was a non-jurisdictional defect waived by the entry of a guilty plea.). Therefore, regardless of any omissions in the indictment, the trial court had subject matter jurisdiction to consider the case.

In its vagueness, Youmans' motion hints at a more direct argument under *Rehaif*, challenging the completeness of his indictment. He has, however, waived any right to raise such argument on collateral attack. Waivers of a defendant's right to directly or collaterally attack a conviction or sentence are enforceable. *See, e.g, United States v. DiFalco*, 837 F.3d 1207, 1219–20 (11th Cir. 2016) (recognizing defendant's waiver of appellate right); *Williams v. United States*, 396 F.3d 1340, 1342 (11th Cir. 2005) (holding that a sentence-appeal waiver, entered into voluntarily and

knowingly, as part of a plea agreement, precluded a collateral attack based on ineffective assistance of counsel).

"To establish the waiver's validity, the government must show either that (1) the district court specifically questioned the defendant about the provision during the plea colloquy, or (2) it is manifestly clear from the record that the defendant fully understood the significance of the waiver." *Weaver*, 275 F.3d 1320, 1333 (11th Cir. 2001). In executing the plea agreement, Youmans attested to having reviewed and understanding the plea's terms, to which he voluntarily agreed. Doc. 45 at 12. He further signed his initials to each page, including that containing the waiver of collateral attack. *Id*. at 8. Furthermore, Youmans' attorney also attested to his belief that Youmans fully understood the agreement and entered into it intelligently and voluntarily. *Id*. at 12. Based on its interrogation of Youmans and his attorney, the Court found that the plea was entered into "freely, voluntarily, and knowingly." *Id*. at 13. As it is manifestly clear from the record that he understood that accepting the plea agreement he would waive his right to collaterally attack his sentence, Youmans is barred from pursuing his *Rehaif* claim. *See Untied States v. Marc*, 806 F. App'x. 820, 823–24 (11th Cir. 2020) (finding enforceable a

waiver of appeal in a *Rehaif* claim).  Therefore, Ground Two should be dismissed as the theories offered in its support are flawed, procedurally defaulted, and have been waived.

In summary, for the above discussed reasons, Youmans' § 2255 motion should be **DISMISSED**.  This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge.  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648

F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED,** this 29th day of September, 2020.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA